

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-27-2007

# USA v. Reid

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1483

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Reid" (2007). *2007 Decisions.* Paper 1196.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1196

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1483
_____

UNITED STATES OF AMERICA
v.

WILLIAM A. REID,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Criminal Action No. 04-cr-00271-2
(Honorable James F. McClure, Jr.)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 26, 2007

Before: SCIRICA, *Chief Judge,* FUENTES, and ALARCÓN,[*] *Circuit Judges.*

(Filed: April 27, 2007)
_____

OPINION OF THE COURT
_____

ALARCÓN, *Circuit Judge*.

---

[*]The Honorable Arthur L. Alarcón, Senior Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

William Reid appeals from the District Court's order sentencing him to 140 months of imprisonment, five years of supervised release, and a special assessment of $100. Mr. Reid contends that his sentence is unreasonable because "the District Court failed to depart sufficiently to compensate for the assistance proved by Mr. Reid and his co-defendant girlfriend on his behalf." Brief of Appellant at 11. Mr. Reid also claims his sentence was unreasonable because the District Court failed to accord adequate consideration to the impact of the career offender status under the Sentencing Guidelines, and to the disparity between sentences imposed on co-conspirators. *Id.* at 17-19. We will affirm because we conclude that the District Court's sentencing decision was reasonable.

**I**

**A**

Beginning in January 13, 2003, Mr. Reid's co-defendant William Neidig sent cash to another co-defendant, Gregory Jones in Seattle, who in turn purchased cocaine from his sources, including co-defendant Jeffrey Haggert in Los Angeles. The cocaine was shipped to Mr. Neidig's wholesale distributors in Pennsylvania, including Mr. Reid. Mr. Reid used various addresses to receive the cocaine, including his mother's address at RR2 Box 336C, Sunbury, Pennsylvania, and his girlfriend's address at RR3 Box 244A, Middleburg, Pennsylvania. Mr. Reid used the names "Josh Smith" or "John Smith" to sign for the cocaine packages. He subsequently sold the cocaine to street dealers in Northumberland and Snyder Counties.

**B**

On August 23, 2005, Mr. Reid pled guilty to conspiracy to distribute and possess with intent to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. § 846. Mr. Reid's Presentence Report ("PSR") provided a total base offense level of 34 and a criminal history category VI because he qualified as a career offender pursuant to U.S.S.G. § 4B1.1. Mr. Reid's three prior drug distribution felony convictions qualified him for career offender status. This calculation produced a sentencing range of 262 to 327 months.

The District Court rejected Mr. Reid's claim that his base offense level should be 32 because his plea agreement with the Government indicated that 32 was the relevant base offense level. The District Court held that nothing in the plea agreement precluded it from considering the career offender provision of the Sentencing Guidelines.

The Government filed a motion for downward departure based on Mr. Reid's substantial assistance to the Government, pursuant to U.S.S.G. § 5K1.1. It recommended a downward departure of four levels.

Mr. Reid requested an additional downward departure. He contended that he played a minor role in the overall offense and that the career offender guideline range resulted in a sentencing disparity when compared to the sentences imposed on his co-defendants. The District Court considered these arguments along with the sentencing factors provided by 18 U.S.C. § 3553(a), and granted a downward departure of six levels.

3

The resulting sentencing range was 140 to 175 months. The District Court then sentenced Mr. Reid to 140 months of imprisonment.

Mr. Reid filed a timely notice of appeal on February 6, 2005. We have jurisdiction pursuant to 18 U.S.C. § 3742(a)(1)-(2).

## II

## A

Mr. Reid contends that the District Court erred by failing to depart downward sufficiently to compensate for the assistance he and his girlfriend provided to the Government. This Court held in *United States v. Cooper*, 437 F.3d 324 (3d Cir. 2006) that the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005) did not overrule the law of this Circuit that we lack the jurisdiction to review the extent of a downward departure. *Cooper*, 437 F.3d at 332-33.

Mr. Reid does not contend that the District Court misinterpreted the relevant statutory provisions or Sentencing Guidelines. The record further shows that the District Court was aware that it had discretion to depart from the advisory guideline range by doing so. Accordingly, we conclude that we lack the jurisdiction to review Mr. Reid's claim that the District Court abused its discretion in failing to order an additional downward departure based on the role he played in securing the assistance of his girlfriend.

## B

Mr. Reid also contends that his sentence is unreasonable because the District Court failed to consider adequately the impact of the career offender status under the Sentencing Guidelines and the disparity between sentences imposed on co-conspirators, and failed to consider the assistance he and his co-defendant girlfriend provided to the Government.

We review a criminal sentence for reasonableness. *United States v. Booker*, 543 U.S. at 261. "We exercise plenary review over the District Court's interpretation of the Sentencing Guidelines and constitutional questions." *United States v. Lennon*, 372 F.3d 535, 538 (3d Cir. 2004). "We review the District Court's factual findings for clear error, and the District Court's application of those facts to the Guidelines for an abuse of discretion." *Id.* (internal citations omitted).

"[W]hile not bound to apply the Guidelines, [District Courts] must consult those Guidelines and take them into account when sentencing." *United States v. Cooper*, 437 F.3d 324, 325 (3d Cir.2006). District Courts must impose sentences that promote the "sentencing goals" listed in 18 U.S.C. § 3553(a). *Id.* at 325-26. The record must demonstrate that the District Court gave meaningful consideration to the factors listed in § 3553(a). *Id.* at 329. A trial court does not have "to discuss and make findings as to each of the § 3553(a) factors. . . ." *Id.* "On the other hand, a rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises a ground of recognized legal merit (provided it has a factual basis) and the

5

court fails to address it." *Id.* (internal quotation marks and citation omitted). "[A]ppellants have the burden of demonstrating unreasonableness." *Id.* at 332.

In this case, the District Court properly calculated Mr. Reid's base offense level under the Sentencing Guidelines. The District Court also indicated that it "considered all seven factors set forth in 18 United States Code, section 3553(a)."

During the sentencing proceedings, Mr. Reid objected to the application of the career offender status to his sentence because it increased his base offense level above the level contemplated by his plea agreement. The District Court considered this argument and ultimately rejected it because it believed that the terms of the plea agreement do not conflict with the application of the career offender status. Mr. Reid argues that applying the career criminal status to his sentence strips him of the benefits of entering into a plea agreement. We disagree. The plea agreement clearly indicates that "none of [the plea bargain's Sentencing Guideline] recommendations is binding upon either the court or the United States Probation office." Moreover, Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure provides that an agreement that a particular sentence is appropriate does not bind the court.

Mr. Reid also asked the District Court to depart downward based on his assistance to the Government and to balance alleged sentencing disparities between the sentences imposed on him and his co-defendants. The District Court considered his assistance. It departed an extra level, beyond that recommended by the Government, in light of the

assistance that he provided to the Government.  Furthermore, the District Court departed downward another level to balance any sentencing disparity between his sentence and that imposed on his co-defendants.  Thus, the record demonstrates that the District Court gave sufficient meaningful consideration to the § 3553(a) factors.

For the foregoing reasons, we will affirm the judgment of the District Court.